**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 23 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NICHOLAS PATRICK, | No. 17-56615 |
| Plaintiff-Appellant, | D.C. No. 8:16-cv-00318-DMG-PLA |
| v. | |
| SANDY DIAZ, Nurse at Orange County Sheriffs Department in her official capacity; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Dolly M. Gee, District Judge, Presiding

Submitted February 13, 2018**

Before:    LEAVY, FERNANDEZ, and MURGUIA, Circuit Judges.

Nicholas Patrick, a California state prisoner, appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging claims for sexual

harassment, excessive force, and deprivation of property.  We have jurisdiction

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291. We review de novo. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (dismissal under 28 U.S.C. § 1915A); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order) (dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii)). We affirm in part, reverse in part, and remand.

The district court properly dismissed Patrick's property deprivation claim because Patrick failed to allege facts sufficient to show that a meaningful post-deprivation remedy was unavailable to him. *See Hudson v. Palmer*, 468 U.S. 517, 533, 535 (1984) (holding that deprivation of property does not violate due process if a meaningful post-deprivation remedy is available and explaining that state tort actions are meaningful post-deprivation remedies); *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) ("California [l]aw provides an adequate post-deprivation remedy for any property deprivations.").

However, dismissal of Patrick's sexual harassment and excessive force claims was error. Patrick alleged that defendants made sexually suggestive remarks to him, looked at him while he was on the toilet, and touched him inappropriately. Patrick also alleged that his face was slammed into a wall while he was being handcuffed, and that he was violently kicked while he was handcuffed and sitting on the ground outside of his cell. Liberally construed, these

2                                                                      17-56615

allegations are sufficient to warrant ordering defendants to file an answer. *See*

*Byrd v. Maricopa County Bd. of Supervisors*, 845 F.3d 919, 922-24 (9th Cir. 2017)

(elements of a bodily privacy claim in the pretrial detainee and prison context);

*Wood v. Beauclair*, 692 F.3d 1041, 1049-50 (9th Cir. 2012) (elements of a sexual

harassment claim in the prison context); *Martinez v. Stanford*, 323 F.3d 1178, 1184

(9th Cir. 2003) (elements of excessive force claim under the Eighth Amendment);

*see also Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015) (elements of

excessive force claim under the Fourteenth Amendment). We reverse the

judgment in part and remand for further proceedings on these claims only.

We do not consider arguments and allegations raised for the first time on

appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED in part, REVERSED in part, and REMANDED.**